# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

|   |   |   |
|---|---|---|
| **INTERNATIONAL MUFFLER COMPANY** *d/b/a* **MAREMONT EXHAUST PRODUCTS,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | No. 3:07-cv-123 (Phillips) |
| **INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO DISTRICT LODGE NO. 711 AND LOCAL LODGE NO. 2545,** | ) ) ) ) ) ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff brought this action under the civil enforcement provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, alleging a criminal enterprise composed of defendant union and others. Plaintiff operates a manufacturing and distribution facility in Loudon, Tennessee. Defendants are the local and regional lodges of the union representing a number of Maremont employees (the "Union"). In February 2007, the Union called a strike at plaintiff's Loudon facility, subsequent to which several incidents have occurred which plaintiff alleges constitute a pattern of racketeering activity prohibited by the civil provisions of RICO.

Defendants have moved to dismiss plaintiff's complaint on the theory that plaintiff has failed to state a claim under civil RICO. Specifically, defendants contend that plaintiff's complaint consists of legal conclusions, rather than factual allegations, such that plaintiff has failed to allege

the essential "enterprise" element of a civil RICO claim [Doc. 9]. This court, however, disagrees, and for the reasons that follow, defendant's motion to dismiss will be denied.

## BACKGROUND

The facts as follows are taken from plaintiff's complaint: Plaintiff operates an automotive after-market exhaust products and accessories manufacturing and distribution facility in Loudon, Tennessee, which operates under the name Maremont Exhaust Products ("Maremont"). The Maremont facility employed approximately 330 individuals prior to the strike, approximately 254 of whom were hourly production employees and members of the bargaining unit represented by the defendant Union.

At 12:01 a.m. on February 5, 2007, the collective bargaining agreement between Maremont and the Union expired, and the Union called a strike against plaintiff. Picket lines were established in front of plaintiff's business. Plaintiff alleges that since the initiation of the strike, Union business agents, officers, and members along with their supporters in the community have engaged in a pattern of violence and domestic terrorism. Specifically, plaintiff recounts nine instances in which the Maremont facility and the homes and other property of certain Maremont employees have been terrorized, including acts of arson and shootings.

## ANALYSIS

When considering a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," Fed. R. Civ. Pro. 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences

in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Defendants' motion may only be granted if, after assuming all allegations are true, plaintiff fails "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

At this stage in the proceedings, the court has insufficient information to determine whether there has been a violation of RICO. Accordingly, defendants' motion to dismiss [Doc. 9] will be **DENIED**, subject to renewal upon a properly substantiated motion for summary judgment.

**IT IS SO ORDERED**.

                      **ENTER:**

                            s/ Thomas W. Phillips
                          United States District Judge